

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

DELTA DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
DEC 30 2020
JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

ANTHONY E. SCOTT JR.,

 Petitioner,

v.

 Case No. 2:20-cv-00253-DPM-PSH

DEWAYNE HENDRIX

 Warden.

HABEAS CORPUS WRIT

28 U.S.C. § 2241(c)(1)

This case assigned to District Judge Marshall
and to Magistrate Judge Harris

Comes now the Petitioner Anthony E. Scott Jr., a pro se litigant moves this Honorable Court, pursuant to 28 U.S.C. § 2241, extending the holding in United States v. Davis, 139 S.Ct. 2319, where Appellate Panel of the Sixth Circuit refuses to give retroactive effect to a new substantive rule of constitutional law, as provided by Congress pursuant to 28 U.S.C. § 2255(h)(2), stating the following in support;

(1)

## INTRODUCTION

Retroactivity is properly seen in the first instance as a matter of choice of law, 'a choice ... between the principle of of forward operation and that of relation backward.' <u>Great Northern R. Co. v. Sunburst Oil & Refining Co.</u> 287 U.S. 358 (1932). Once a rule is found to apply "backward", there may then be a further issue of remedies, i.e., whether the party prevailing under a new rule should obtain the same relief that would have been awarded if the rule had been an old one. Subject to possible constitutional thresholds, the remedial inquiry is one governed by state law, at least where the case originates in state court. See <u>American Trucking Assns., Inc. v. Smith</u>, 496 U.S. 167 (1990) But the antecedent choice-of-law question is a federal one where the rule at issue itself derives from federal law, constitutional or otherwise. See <u>Smith</u>, supra, at 177-178. When the question is "what federal rule of decision from the United States (U.S.) Supreme Court, should apply to a particular case," no Court but the U.S. Supreme Court - which has ultimate authority "to say what the law is," <u>Marbury</u>, 1 Cranch, at 177, should have final say over the answer. See <u>Harper v. Virginia Dept. of Taxation</u>, 509 U.S. 86 (1993) Nor does the AEDPA relieve courts from the responsibility of addressing properly raised Teague arguments.

Selective application of new substantive rules violates the principle of treating similarly situated defendant the same. See _Griffith v. Kentucky_, 479 U.S. at 322, 323. The disparate treatment of similarly situated defendants led the Court in _Griffith_ to adopt Justice Harlan's view, as the Court explained that the _Linkletter_, standard, leads to unfortunate disparity in the treatment of similarly situated defendant's on collateral review." 489 U.S., at 305. See also id., at 316 ( the Courts new approach to retroactivity "avoids the inequity resulting from the uneven application of new rules to similarly situated defendant's.") This interest in reducing the inequity of haphazard retroactivity standards and disuniformity in the application of federal law is quite plainly a predominately federal interest. In the instant case the underlying crime of violence (Hobbs Act Robbery) at the time of Mr. Scotts, "sentencing", qualified as an offense under the--provision found in §924(c)(3), the question is "as it pertains to a new substantive rule of constitutional law", what precedent was prevailing at that time? The Appellate Panel in denying authorization to file a second or successive §2255 motion, wedged forward operation in place of retroactivity when citing to Circuit precedent issued from 2017-2020. Mr. Scott was convicted and sentenced 2010. The Panel did not distinguish any circuit precedent existing at the time of Mr. Scotts sentencing that supports it's position that, "Scotts convictions for

(3)

Hobbs Act robbery and attempted Hobbs Act robbery ... qualify as crimes of violence under the use-of-force clause of §924(c)(3)(A), not the residual clause." The Supreme Court in _Davis_, said no such thing in it's holding §924(c)(3)(B), to be vague, illegal and no law. The precedent applied by the three judge Panel did not control the questions involving retroactivity, that certainly goes back to 2010. The Court cited erroneous authority to deny appropriate issuing of the writ. Violating the principle of treating similarly situated defendants the same, arbitrarily leaving in place many conviction and sentences that violates the new substantive rule of constitutional law found in _Davis_ and such has been going on for quite some time. The relevant law states that; Courts may not disregard a controlling constitutional command in their courts. See _Martin v. Hunter's Lessee_, 1 Wheat. 304, 340-341 (1816); see also _Yates v. Aiken_, 484 U.S. 211, 218 (1988); and _Griffith v. Kentucky_, 479 U.S. 314, 328 (1987) (" if the Constitution establishes a rule and requires that the rule have retroactive application, then the Court's refusal to give the rule retroactive effect is reviewable by the United States Supreme Court.") Protection against disproportionate punishment is the central substantive guarantee of the Eighth Amendment and goes far beyond the manner of determining a defendant's sentence. See _Montgomery v. Louisiana_, 193 L.Ed. 2d 599,

## STATEMENT OF FACTS

1.) On February 11, 2009, a federal grand jury in the Western District of Tennessee, returned a superseding indictment against the Petitioner (Mr. Scott) charging him with eleven counts of "robbery affecting commerce," in violation of 18 U.S.C. § 1951, and eleven counts of using and carrying a firearm during and in relation to a crime of violence," in violation of 18 U.S.C. § 924(c). Case No. 2:08-CR-20202-JPM-01, CR. ECF No. 46

2.) On March 10, 2010, the grand jury returned a second superseding indictment against Mr. Scott, charging him with an additional count of "robbery affecting commerce, in violation of 18 U.S.C. § 1951 and an additional count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Indictment id., Cr. ECF No. 110)

3.) Jury trial commenced on March 22, 2010. On March 31, 2010, the jury returned a partial verdict finding Mr. Scott guilty on sixteen counts. (Jury Verdict, CR. ECF No. 135)

4.) On April 1, 2010, the United States agreed to dismiss the remaining counts against Mr. Scott. (Order dismissing remaining counts. Cr. ECF No. 139)

5.) Mr. Scott was sentenced to a total term of "imprison-ment of 185 years. (July 2, 2010, Judgment, Cr. ECF No. 152)

6.) Where Mr. Scott appealed (Notice of Appeal, Cr. ECF No. 154) The Sixth Circuit affirmed the Court's ruling that acre-dited the testimony of a police detective and that excluded testimony from Mr. Scott's mother, but remanded for further actual findings on "whether Mr. Scott, having - - - - - - already invoked the right to counsel, subsequently waived that right. United States v. Scott, 693 F.3d 715 (6th Cir 2012)

7.) Following "Briefing" on May 7, 2013, the District Court en-tered an "Order" denying a "Motion to Suppress," submitted on be-half of Mr. Scott. Determining that "Mr. Scott initiated contact and the subsequent confessions were voluntary." (Order Cr. ECF No. 186)

8.) Again Mr. Scott appealed. (Notice of Appeal, Cr. ECF No. 189) However, on January 29, 2014, the Six Circuit affirmed Mr. Scott's conviction. United States v. Scott, 553 Fed. App'x 555 (6th Cir. 2014)

9.) On May 15, 2015, Mr. Scott, filed a 28 U.S.C. § 2255 mo-tion. (§2255 Motion, ECF No. 1 at 6; Mem. ECF 1-1 at 9) The motion was denied on September 19, 2018.

10.) However, the U.S. Supreme Court issued a new constitutional command in United States v. Davis, 139 S.ct. 2319 (2019), invalidating the "residual clause," found at 18 U.S.C. § 924(c)(3)(B), determining that the provision was ambiguously, vague and no further law.

11.) In May of 2020, Mr. Scott sought authorization by application to the Sixth Circuit Court of Appeals, with a claim that; "Davis, was retroactive and his conviction and sentence should be vacated as void," further asserting that; "The overbreath of 18 U.S.C. § 924(c)(3)(B) is substantial. See Case No. 20-5574, In Re: Anthony Scott.

12. The Appellate Panel refused to apply the new substantive rule retroactively and instead implemented a constitutional command prospectively, contravening 28 U.S.C. § 2255(h)(2). See "Order" October 22, 2020 ("Scott's convictions ... qualify as crimes of violence under the use-of-force clause, of § 924(c)(3)(A), not the residual clause.")

## SUMMARY ARGUMENT

The core of habeas corpus has included challenges to the duration of the prisoner's sentence. Indeed, one purpose of traditional habeas relief was to remedy statutory, as well as constitutional, claims presenting a fundamental defect which inherently results in a complete miscarriage of justice and exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is present. But if the court held that a prisoner was foreclosed from seeking collateral relief from a fundamentally defective sentence, and through no fault of his own, has no source of redress, this purpose would remain unfulfilled, and where the United States Supreme Court has long recognized a right to traditional habeas corpus relief based on an illegally extended sentence, 28 U.S.C. § 2255(e) must provide an avenue for prisoners to test the legality of their sentences pursuant to 28 U.S.C. § 2241. Where Mr. Scott previously lodged a claim for relief pursuant to United States v. Davis, 139 S.Ct. 2319 (2019), seeking authorization for a second or successive 28 U.S.C.§ 2255 motion, he maintains that where the Sixth Circuit Court of Appeals, arbitrarily and customarily refuse to acknowledge that Davis, involved a constitutional command as provided under 28 U.S.C.§ 2255(h)(2) pertinent to backwards operation (retroactivity) section 2255(e) (savings clause) provides

a means for him to apply for a traditional writ of habeas corpus pursuant to 28 U.S.C. §2241. Particularly, where the savings clause states; "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate and ineffective to test the legality of his detention." 28 U.S.C. 2255(e).

Relevant to Mr. Scotts legal circumstances is that "a remedy that involves forward operation in citing circuit precedent that stems the tide on giving retroactive effect to a new substantive rule of constitutional law, is inadequate and ineffective," because it is defunct "in it's operation and does not adhere to Congressional legislature informing that; "when the Supreme Court's decision opens a door to successive relief due to a change of law made retroactive on collateral review", a backwards operation is to be applied, that by far— would involve reviewing circuit precedent existing at the time of Mr. Scott's, conviction and sentencing when determining the validity of an extended sentence or rather whether retroactively an underlying offense qualifed as a crime of violence under the residual clause (18 U.S.C. §924(c)(3)(B))

(9)

particularly, "where in the analysis used by the Sentencing Court to determine whether when committing "Hobbs Act robbery," such qualified as a crime of violence pursuant §924(c)(1)(A), the underlying offense was subject to the entirety of subsection 924(c)(3)." see Leocal v. Ashcroft, 543 U.S., at 7. Clearly, the Appellate Panel arbitrarily applied the rule issued in United States v. Davis, 139 S.Ct. 2319 (2019) prospectively, and contravened 28 U.S.C. § 2255 (h)(2), when citing how it currently distinguishes that; "the use-of-force clause" (§924(c)(3)(A) covers Hobbs Act robbery and Attempted Hobbs Act robbery, also asserting that; "those offenses do not qualify under the residual clause." The fundamental defect, retroactively, occurs at the time a consecutive or additional sentence is imposed under under §924(c) for additional punishment, not at the time the law changes, because relevant is "whether §924(c)(3)(B) had any bearing on defining Mr. Scott's offense--during the time of conviction and sentencing, that's where the new substantive rule should be applied, not to cases cited off in the future of that event. See Hicks v. Oklahoma, 447 U.S. 343 (1980) (Hicks had a "substantial and legitimate expectation that he [W]ould be deprived of his liberty only to the extent determined by the [sentencing] body in the exercise of it's statutory discretion.") also see United States v. Tucker, 404 U.S. 443-444-45 ("[W]e deal here, not with a sentence imposed in the informed discretion of a trial judge but with a sentence founded at least in part upon misinformation of constitutional

(10)

magnitude.") The privilege of habeas corpus entitled Mr. Scott to a meaningful opportunity to demonstrate that he is being held pursuant to the misapplication or interpretation of relevant law." Boumediene v. Bush, 553 U.S. 723 (2008). But this can not happen where federal habeas corpus review Courts, are allowed to arbitrarily enforce the law. The District Court's jurisdiction evolves arond the route taken to it's door step. It is well established that § 2255, was intended to afford federal prisoners a remedy identical in scope to the federal habeas corpus [under § 2241]. Davis v. United States, 417 U.S. 333, 334 (1974) Mr. Scott, brings his claim because "The Panel," aborted the substance from the Congressional Mandate contained in § 2255(h)(2). It's analysis "regulates only the manner of determining a defendant's conduct is punishable. See Schriro v. Summerlin, 542 U.S. 348, 351, (2004). Retroactivity consideration was given no run way for a prima facie showing, The Appellate Panel looked in the opposite direction, implementing forward operation, in order to leave in place a conviction and sentence that violates a substantive rule. See Penry v. Lynaugh, 492 U.S. 302, 330. ("a court has no authority to leave in place a conviction or sentence that violates a substantive rule.")

(11)

ARGUMENT

28 U.S.C. § 2241 IS AVAILABLE BECAUSE THE APPELLATE PANEL REFUSED TO GIVE EFFECT TO 28 U.S.C. § 2255(h)(2)

Teague v. Lane, 489 U.S. 288, a federal habeas case, set forth a framework for the retroactive application of a new constitutional rule to convictions that were final when the new rule was announced. While the Court held that new constitutional rules of criminal procedure are generally not retroactive, it recognized that courts must give retroactive effect to new watershed procedural rules and to substantive rules of constitutional law. Substantive constitutional rules includes "rules forbidding criminal punishment of a certain primary conduct" and "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense," Penry v. Lynaugh, 492 U.S. 302, 330. When a substantive rule of constitutional law controls the outcome of a case, the Constitution requires state/government collateral review courts to give retroactive effect to that rule. This conclusion is reached by precedents addressing the nature of substantive rules, their differences from procedural rules, and their history of retroactive application. Teague, supra, at 292. Where procedural error has infected a trial, a conviction or sentence may still be accurate and the defendant's continued confinement

may still be lawful, see <u>Schriro v. Summerlin</u>, 542 U.S. 348. However, a valid result does not exist where a substantive rule has eliminated a State's / government's power to proscribe the defendant's conduct or impose a given punishment. <u>United States v. United States Coin & Currency</u>, 401 U.S. 715, 724. The States / Government may not disregard a controlling, constitutional command in their own courts. See <u>Martin v. Hunter's Lessee</u>, 1 Wheat. 304, 340-341, 344; See also <u>Yates v. Aiken</u>, 484 U.S. 211, 218. It is undisputed, then, that <u>Teague</u>, requires the retroactive application of new substantive and watershed procedural rules in federal habeas proceedings. <u>Schriro</u>, Id., at 352 ( Substantive rules "are more accurately characterized as... not subject to the bar.") In the instant case important is noting that; "in order to file a second or successive 28 U.S.C. § 2255 motion, ---Mr. Scott must demonstrate that his motion contains a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Yet, though the Appellate Panel agreed that <u>United States v. Davis</u>, 139 S.Ct. 2319; was a new substantive rule of constitutional law, it's ruling was prospective in that it pertained to forward operation rather than relation backward, which pertains to the time of Mr. Scott's conviction and sentencing, not law that is controlling practically a decade after his trial. Citing <u>United States v. Gooch</u>, 850 F.3d

285, 291-92 (6th Cir. 2017) (holding that Hobbs Act robbery is a crime of violence under the use-of-force clause); United States v. Dominguez, 954 F.3d 1251, 1255 (9th Cir. 2020) ("since Hobbs Act robbery is a crime of violence, it follows that the attempt to commit Hobbs Act robbery is a crime of violence.") Savage v. United States, No. 2:20-cv-3139, 2020 WL 45 69131, at *1 (S.D. Ohio Aug. 7, 2020) (holding that attempted Hobbs Act robbery is a crime of violence under the use of force clause.") However, when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state/govern ment collateral review courts to give retroactive effect to that rule. This conclusion is established by precedents addressing the nature of substantive rules, their differences from procedural rules, and their history of retroactive application. See Teague v. Lane, 489 U.S. 288; Penry v. Lynaugh, 492 U.S. 302, 330; Schriro v. Summerlin, 542 U.S. 348, 352-353; United States v. United States Coin & Currency, 401 U.S. 715, 724; Mackey v. United States, 401 U.S. 667, 692; and Desist v. United States, 394 U.S. 244 (1969). Justice Harlan defined substantive constitutional rules as "those that place, as a matter of constitutional interpretation, certain kinds of primary, private conduct beyond the power of the criminal law-making authority to proscribe." Mackey, supra at 692. The category of substantive rules discussed in Teague, originated in Justice Harlan's approach to retroactivity. Teague, adopted that reasoning. See 489 U.S. at 292. It is important to distinguish that under Teague, "a new constitutional rule

of criminal procedure does not provide retroactivity in cases on federal collateral review. Procedural rules, are designed to enhance the accuracy of a conviction or sentence by regulating "the manner of determining the defendant's culpability." Schriro, 542 U.S. at 353; Teague, supra, at 313. Those rules "merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." A procedure found to be unconstitutional in a later case does not, as a general matter, have the automatic consequence of invalidating a defendant's conviction or sentence. However, the same possibility of a valid result does not exist where a substantive rule eliminates a State's/Government power to proscribe the defendant's conduct or to impose a given punishment. "Even the use of impeccable factfinding procedures could not legitimate a verdict" where the conduct being penalized is constitutionally immune from punishment." United States v. United States Coin & Currency, 401 U.S. 715, 724 (1971). Nor could the use of flawless sentencing procedures legitimate a punishment where the Constitution immunizes the defendant from the sentence imposed. "No circumstances call more for the invocation of a rule of complete retroactivity." In the instant case the Appellate Panel refused to issue the writ, by regulating that though; "§924(c) (3)(B), was invalidated, the new rule in Davis, left §924(c)(3)(A) intact," and further determined that; "because Hobbs Act robbery is categorically a crime of violence under §924(c)(3)(A), Mr. Scott could not show that he would benefit from the rule announced in Davis," And that wo-

uld be so, had _Davis_, issued a new Constitutional rule of procedure but to the contrary the provision of §924(c)(3)(B) became no law under the Constitution, forbidding criminal punishment under 18 U.S.C. §924(c)(1)(A). A new constitutional rule that warranted complete retroactive consideration, because the Constitution itself, deprives the Government of the power to impose the penalty, not just to define a certain crime. _Penry v. Lynaugh_, 492 U.S. 302, 330. Still it remains a significant contention or question of law; "whether §924(c)(3)'s interrelations warrants invalidation of the entire subsection, however, with certainty, Mr. Scott, contends that at time of his conviction and sentencing, the precedent cited by the Appellate Panel did not exist and according to the United States Supreme Court in _Leocal v. Ashcroft_, 543 U.S. at 7, giving insight on the analysis a judge performs in the §16 and §924(c)(3) setting when determining whether an underlying offense qualifies as a crime of violence, stating that; "we look to both the nature and elements of the offense." Which clearly involved the entirety of §924(c)(3). Mr. Scott, made a valid constitutional claim, the new rule was made retroactive and the analysis used during Mr. Scott's conviction and sentencing is void, illegal and no law. Regardless, that current circuit precedent determines that an offense may qualify under §924(c)(3)(A)'s elements clause, it does not change the fact that at the time (2010) of that observation retroactively, the invalidated statute was included in reaching that determination. Not to say that such precedent even existed in 2010, the Panel certainly failed to cite any.

(16)

<u>28 U.S.C. §2255(h)(2) Inadequate And Ineffective To Test The Legality of Imprisonment.</u>

Mr. Scott, invokes the habeas corpus writ at 28 U.S.C.§ 2241(c)(3), because he was arbitrarily denied access to remedy under § 2255 (h)(2). Where Appellate Panel refused to give retroactive effect to constitutional command issued by the Supreme Court in <u>United States v. Davis</u>, 139 S.Ct. 2319 (2019) and as it stands defunct in it's function, it remains inadequate and ineffective to test the legality of Mr. Scott's imprisonment where currently misapplied by Appellate Panel and the process for "authorization to file a second or successive §2255 motion, forecloses recourse to Appeal, the Panel's arbitrary denial to remedy. A federal collateral review court must give retroactive effect to a substantive constitutional right that determines the outcome of that challenge. <u>Montgomery v. Louisiana</u>, 193 L.Ed. 2d 599 (2016) ("a court has no authority to leave in place a conviction or sentence that violates a substantive rule.") Also see <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987) ("If, however, the Constitution establishes a rule and requires that the rule have retroactive application, then a state / Government court's refusal to give the rule retroactive effect is reviewable by this Court.") When the provision §2255(h)(2) is arbitrarily enforced, the term "inadequate or ineffective to test the legality of [the prisoner]'s detention?" must get at legal inadequacies, not merely to practical ones. See <u>Swain v. Presley</u>, 430 U.S. 372 (1972) Also see <u>Triestman v. United States</u>, 124 F.3d 361 (2nd Cir. 1997) and <u>United States.</u>

ex rel Leguillou v. Davis, 212 F.2d 681, 684 (3rd Cir. 1954). The Court in Triestman, held that; "inadequate and ineffective" is not limited merely to the practical considerations suggested by the government, but refers to something that is still less than the full set of cases in which §2255, is either unavailable or unsuccessful. We now hold that that something is at the least, to the set of cases in which the Petitioner cannot, for whatever reason, utilize section 2255, and in which the failure to allow collateral review would raise serious constitutional questions." Arnette v. Kennedy, 416 U.S. 134, 162 (1974) ("We must construe a federal statute to avoid constitutional questions where such construction is reasonably possible.") Also see Cheeks v. United States, 498 U.S. 192, 203 (1991); (It is common ground that this Court, where possible, interprets congressional enactments so as to avoid raising serious constitutional questions."); and Johnson v. Robison, 415 U.S. 361, 366-67 (1974); (noting the "cardinal principle" that Courts should construe a statute purporting to limit federal court jurisdiction in a potentially unconstitutional way to avoid the constitutional question whenever it is fairly possible to do so.") It should be found for Mr. Scott that; (1) at the time of sentencing, settled law of the circuit (in which he was sentence) or the Supreme Court established the legality of the sentence; (2) subsequent to Mr. Scott's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) Mr. Scott is unable to meet the gate keeping provisions of § 2255

(h)(2) for second or successive motions; and (4) additional sentences are void, illegal and tainted by invalidity.

## CONCLUSION

Where statutory provision § 2255(h)(2) is given no effect, the § 2241 Writ must be granted jurisdictionally and on the merits.

Respectfully Submitted

## CERTIFICATE OF SERVICE

I, Anthony E. Scott, duly certify that on this ___ day of December 2020, I sent the aforementioned United States pre-paid postage to the Clerk of Court, Richard Sheppard Arnold United States Court House, 600 West Capitol Avenue, suite A-149, Little Rock Arkansas 72201-3325.

## DECLARATION

I, Anthony E. Scott, duly swear under the penalty of perjury that the aforementioned is true and correct to the best of my knowledge and the law of the United States of America. Sworn pursuant to 28 U.S.C. § 1746.

_12 - 22 - 20_
Date

Anthony E. Scott

Reg.# 22294-076
Forrest City Correctional
Complex / Medium
P.O. Box 3000
Forrest City Arkansas
72336

(20)

Anthony Scott, Jr.
Federal Correctional Complex - Med.
 P. O. Box - 3000 - Medium
ForrestCity ; AR. 72336



 

U.S. POSTAGE PAID
FCM LG ENV
FORREST CITY, AR
72335
DEC 28, 20
AMOUNT

**$0.00**

1000          72201          R2305E125361-04



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7020 0090 0000 6749 8334

Clerk of Court
Richard Sheppard Arnold United States Courthouse
600 West Capitol Avenue, Suite A-149
Little Rock Arkansas, 72201-3325