# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

ANTHONY E. SCOTT, JR.                                                    PETITIONER

v.                          NO. 2:20-cv-00253 DPM-PSH

JOHN P. YATES, Warden,                                                   RESPONDENT
FCC Forrest City

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In 2010, petitioner Anthony E. Scott, Jr., ("Scott") was convicted in the United States District Court for the Western District of Tennessee ("Western District of Tennessee") of the following offenses:

> ... seven counts of Hobbs Act robbery and one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. 1951, and eight counts of carrying a firearm during and in relation to a crime of violence (the robberies and attempted robbery), in violation of 18 U.S.C. 924(c).

See Docket Entry 9, Exhibit 9 at CM/ECF 2.[1] He was sentenced to a total term of incarceration of 185 years and three years of supervised release. His convictions were eventually affirmed by the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit").

---

[1]   18 U.S.C. 924(c)(1)(A) provides, in part, for additional punishment for any person who, during and in relation to any crime of violence, "uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. 924(c)(3) defines "crime of violence" to mean an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (A) is oftentimes referred to as the "elements clause" or "use-of-force clause." Subsection (B) is typically referred to as the "residual clause." Hereinafter, 18 U.S.C. 924(c) will be referred to simply as "924(c)" unless otherwise noted.

In 2015, Scott filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255 ("2255") in the Western District of Tennessee. In the motion, he maintained that his attorney failed to provide constitutionally adequate representation. Scott also alleged that his convictions were obtained as a result of, <u>inter</u> <u>alia</u>, prosecutorial misconduct and fraud. The motion was denied, and Scott did not appeal the denial of his motion.

Scott subsequently filed a motion with the Sixth Circuit for an order authorizing the Western District of Tennessee to consider a second or successive 2255 motion ("motion for authorization"). The Sixth Circuit denied the motion on October 22, 2020, finding the following:

> … Scott proposes to raise a claim that his 924(c) convictions must be vacated in view of the Supreme Court's holding in <u>United States v. Davis</u>, 139 S.Ct. 2319, 2336 (2019), that the residual clause of 924(c)(3)(B), which provided one of two definitions of "crime of violence," is unconstitutionally vague.
>
> We may authorize the filing of a second or successive 2255 motion only if the movant makes a prima facie showing that the motion relies either on "newly discovered evidence" that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."
> …

>Scott's motion fails to meet these statutory requirements. First, he does not rely upon any newly discovered evidence. Second, his reliance on the Supreme Court's decision in Davis is misplaced. Scott's convictions for Hobbs Act robbery and attempted Hobbs Act robbery—the predicate for his 924(c) convictions—qualify as crimes of violence under the use-of-force clause of 924(c)(3)(A), not the residual clause. See United States v. Gooch, 850 F.3d 285, 291-292 (6th Cir. 2017) (holding that Hobbs Act robbery is a crime of violence under the use-of-force clause); United States v. Dominguez, 954 F.3d 1251, 1255 (9th Cir. 2020) ("Since Hobbs Act robbery is a crime of violence, it follows that the attempt to commit Hobbs Act robbery is a crime of violence."); Savage v. United States, No. 2:20-cv-3139, 2020 WL 4569131 (S.D.Ohio Aug. 7, 2020) (holding that attempted Hobbs Act robbery is a crime of violence under the use-of-force clause and citing cases).

See Docket Entry 9, Exhibit 9 at CM/ECF 2-3.

Scott then began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 ("2241"). In the petition, he raised the same claim he raised in his Sixth Circuit motion for authorization, i.e., his 924(c) convictions must be vacated in view of United States v. Davis, --- U.S. ---, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019).[2] He devoted much of his petition to addressing why the Sixth Circuit erred in denying his motion for authorization and why he should receive the benefit of 2255's "savings clause," thereby allowing him to file the petition at bar pursuant to 2241.

---

[2] In United States v. Davis, the United States Supreme Court held that the "residual clause" of 924(c)(3) was unconstitutionally vague.

4

Respondent John P. Yates ("Yates") filed a response to the petition. In the response, he maintained that the petition should be dismissed for a lack of jurisdiction or, alternatively, because Scott is not entitled to relief.

Scott thereafter filed a reply in which he maintained, in part, that the United States District Court for the Eastern District of Arkansas ("Eastern District of Arkansas") has jurisdiction to consider his 2241 petition. He so maintained because United States v. Davis announced a new rule of constitutional law made retroactive by the United States Supreme Court, thus invalidating his 924(c) convictions.

A similar case is Ellingburg v. Hendrix, 2020 WL 5900719 (E.D.Ark. 2020) (Volpe, M.J.), report and recommendation adopted, 2020 WL 5899253 (E.D.Ark. 2020) (Rudofsky, J.), appeal docketed, No. 20-3505 (8th Cir. Dec. 2, 2020). There, Ellingburg had been convicted of armed bank robbery and use of a firearm during a crime of violence, the latter in violation of 924(c). He came to file motions for authorization with the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") in which he maintained that his 924(c) conviction must be vacated in view of United States v. Davis. The Eleventh Circuit disagreed, holding that 924(c)'s "elements clause" remained intact, and his conviction of armed bank robbery qualified as a crime of violence under the "elements clause."

5

Ellingburg, then an inmate at the federal correctional institution in Forrest City, Arkansas, filed a petition pursuant to 2241 in the Eastern District of Arkansas. In the petition, he raised the same claim he raised in his Eleventh Circuit motions for authorization, i.e., his 924(c) conviction must be vacated in view of United States v. Davis. United States Magistrate Judge Joe J. Volpe recommended that Ellingburg's petition be dismissed for a lack of jurisdiction, a recommendation that was subsequently adopted by United States District Judge Lee P. Rudofsky. The following reason was given for so dismissing the petition:

> An inmate seeking to challenge the lawfulness of the imposition of his federal conviction and sentence must generally bring a 28 U.S.C. 2255 motion to the sentencing court. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). Because a 2255 motion attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983) (per curiam); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). In contrast, a 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002); DeSimone, 805 F.2d at 323; Nichols v. Symmes, 553 F.3d 647, 649 (8th Cir. 2009). Mr. Ellingburg's Petition, although filed as one pursuant to 2241, does not attack the execution of his sentence but the validity of it.

A petitioner cannot use 2241 to challenge a conviction or sentence unless he first shows that 2255 would be inadequate or ineffective. Abdullah, 392 F.3d at 959. The requirement that a petitioner must first demonstrate that 2255 is inadequate or ineffective comes from 2255's savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. 2255(e). As a purely practical matter, it is the burden of the petitioner to demonstrate that 2255 relief in the sentencing court would be inadequate or ineffective. DeSimone, 805 F.2d at 323 (citing Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)). In establishing such a requirement, the United States Court of Appeals for the Eighth Circuit has clearly stated:

> Significantly, in order to establish a remedy is "inadequate or ineffective" under 2255, there must be more than a procedural barrier to bringing a 2255 petition. This court has held a 2255 motion is not "inadequate or ineffective" merely because: (1) "2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive 2255 motion," (3) "a second or successive 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)).

7

> Mr. Ellingburg states 2255 relief would be inadequate or ineffective; however, he fails to provide an intelligible explanation. ... He seems to suggest the Eleventh Circuit's analysis was faulty, but this argument is not well taken. As that court pointed out ..., it had previously acknowledged that <u>Davis</u> announced a new substantive rule of constitutional law that was made retroactive to cases on collateral review and was previously unavailable, such that it could serve as the basis of an application for a second or successive 2255 motion. <u>In re Hammoud</u>, 931 F.3d 1032 (11th Cir. 2019). However, Eleventh Circuit authority also required Mr. Ellingburg to show a "reasonable likelihood" that he would benefit from the new rule announced in <u>Davis</u>. <u>In re Hires</u>, 825 F.3d 1297, 1299 (11th Cir. 2016). His applications were denied because he could not make this showing. In short, <u>Davis</u> would provide no relief to Mr. Ellingburg, as he was not sentenced in reliance on the residual clause invalidated in that case.
>
> Mr. Ellingburg cannot establish a 2255 motion would be inadequate or ineffective to test the legality of his 924(c) conviction. ...

<u>See</u> <u>Ellingburg v. Hendrix</u>, 2020 WL 5900719, 2-3.

<u>Ellingburg v. Hendrix</u> is persuasive and compels the undersigned to recommend that Scott's petition be dismissed for a lack of jurisdiction. The Sixth Circuit has recognized that <u>United States v. Davis</u> announced a new substantive rule applicable to cases on collateral review. <u>See</u> <u>In Re Franklin</u>, 950 F.3d 909 (6th Cir. 2020). Just as Ellingburg, though, could not show a reasonable likelihood that he would benefit from the new rule, Scott cannot show that he benefits from the new rule. As the Sixth Circuit

observed in denying Scott's motion for authorization, "Scott's convictions for Hobbs Act robbery and attempted Hobbs Act robbery—the predicate for his 924(c) convictions—qualify as crimes of violence under the use-of-force clause of 924(c)(3)(A), not the residual clause." See Docket Entry 9, Exhibit 9 at CM/ECF 3. In short, United States v. Davis provides no relief to Scott as he was not sentenced pursuant to the "residual clause" that was invalidated in that case.[3]

Accordingly, Scott cannot use 2241 to challenge his 924(c) convictions because he has failed to establish that a 2255 motion would be inadequate or ineffective to test the legality of the convictions. The undersigned recommends that the petition at bar be dismissed without prejudice for a lack of jurisdiction. All requested relief should be denied, and judgment should be entered for Yates.

DATED this 24th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] See also United States v. Lewis, 775 Fed.App'x 260 (8th Cir. 2019) (petitioner failed to show he benefited from United States v. Davis as Court of Appeals had previously held that Hobbs Act robbery qualifies as a "crime of violence" under 924(c)(3)(A) "force clause").